IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

J.C. GREENE, )
 )
      Plaintiff, )
 )
 )
v. ) No. 2:09-CV-077
 )
HAMBLEN COUNTY BOARD )
OF ZONING APPEALS, )
HAMBLEN COUNTY PLANNING )
COMMISSION, and HAMBLEN )
COUNTY, TENNESSEE, )
 )
      Defendants. )

## MEMORANDUM OPINION

This civil action is before the court on defendants' Rule 12(b)(6) motion to dismiss [doc. 11]. Plaintiff has responded to the motion, and defendants have submitted a reply. For the reasons that follow: the motion will be granted as to plaintiff's federal claim; the court will decline to exercise supplemental jurisdiction over the remaining state law claims; and this case will be remanded to the Chancery Court for Hamblen County, Tennessee.

I.

*Applicable Legal Standards*

The Federal Rules of Civil Procedure authorize dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule

12(b)(6) motion, "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing and quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

If "matters outside the pleadings are presented to and not excluded by the court," a motion under Rule 12 (b)(6) "must be" converted to one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). There are, however, exceptions to this rule. For example, documents introduced by the defense are considered part of the pleadings if they are: (1) central to a plaintiff's claim; and (2) referred to in the complaint. *See Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

II.

*Background*

On April 3, 2009, plaintiff filed his "Application for Temporary and Permanent Injuction [sic], Complaint for Declaratory Judgment and Damages and Petition for Writs of Certiorari and Supercedeas" ("complaint") in the Chancery Court of Hamblen County, Tennessee. In part, plaintiff seeks money damages under 42 U.S.C. § 1983. Citing the §

2

1983 claim, defendants removed the case to this court on April 21, 2009.[1]

According to the complaint, plaintiff is a resident of (and owns real property in) Hamblen County. Plaintiff has used part of his land for what the complaint terms "a sports shooting range" which he "has generally allowed responsible area residents to use . . . upon request." Plaintiff's briefing to this court describes his property as having been "operated safely for years" with no more disruption than "the sound of occasional gunfire."

On December 29, 2008, defendant Hamblen County Planning Commission ("the HCPC") issued to plaintiff a cease and desist order stating,

> This office has received numerous complaints of an unapproved outdoor firing range being operated on your property . . . . The operation of this type of facility is a zoning violation in an A-1 zone. The uses permitted, in that zone, do not include the type of use being conducted . . . . Any item that is not specifically noted as an allowable use is prohibited, unless the Hamblen County Board of Zoning Appeals deems it as a similar type as listed.
>
> It is obvious that an outdoor firing range is not a permitted use. It is also very unlikely that such a use would be deemed a similar type as those listed. Therefore, please keep in mind that the purpose of zoning regulations is to protect the health and safety of the county's residents and their property by providing a tool to insure safe and orderly growth. To this end, you are hereby ordered to immediately cease and desist the operation of the unapproved outdoor firing range . . . .

---

[1] Plaintiff now argues that "[i]t is the Respondents that have made a Federal case out of this matter, not the Petitioner." [Doc. 19, p.2]. Replying to that point, defendants argue that "had Plaintiff not alleged gratuitous and frivolous Constitutional claims, the case would have remained in State court where the court could have dealt solely with the review of local land use [/] administrative decisions." [Doc. 22, p.7 n.3]. The court's ruling this date should alleviate the parties' jurisdictional concerns.

It is undisputed that plaintiff's property is located in the A-1 (Agricultural-Forestry) zoning district. The A-1 zone is defined in Article 9 of the Official Hamblen County Zoning Resolution in material part as follows:

> <u>USES PERMITTED.</u>  Single family residential dwellings, duplexes, agricultural uses and sales including barns, storage sheds, single-wide mobile homes, neighborhood commercial convenience uses including barber/beauty shops, gasoline stations, dry cleaners, doctors and veterinarian offices and clinics, grocery stores, laundromats, car washes, day care centers, drug stores, customary home occupations, airports, and air strips, schools and other government uses, travel trailer parks, campgrounds, marina operations and custom butchering operations. To include and provide for location of cemeteries.
>
> <u>USES PROHIBITED.</u> Any item not specifically noted above, unless the Hamblen County Board of Zoning Appeals deems a proposed use is of a similar type listed above.

Through counsel, plaintiff responded to the cease and desist order by letter dated January 15, 2009. Therein, plaintiff argued that his "private facility for recreational shooting" was "no different than a swimming pool or a tennis court." Nonetheless, plaintiff acknowledged ("as has been reported in the local newspaper and stated at public meetings") that "there have been issues relating to certain activities on the range and the reaction of neighbors. There has been rude and unacceptable behavior by a number of people, including both opponents and proponents of the shooting range."

As a proposed solution to the "issues relating to certain activities on the range," plaintiff generated a proposed guideline captioned "Greene Family Range Policies," which

4

he attached to his letter. Therein, plaintiff proposed time and day limitations along with a total ban on "[u]nsafe, disrespectful, and rude behavior," shooting while intoxicated, and the use of illegal weapons, cannons, explosives, and pyrotechnics.

By letter dated February 3, 2009, the HCPC advised plaintiff's counsel that it had considered his response at its meeting the night before. The letter advised,

> After some considerable discussion, the Planning Commission decided not to lift the Cease and Desist Order. If Mr. Greene wants to conduct a firing range on his property, it is going to be necessary for him to make a request to the Board of Zoning Appeals for a determination on whether or not a firing range is an allowable use in his A-1 zone and, if so, under what restrictions he would be allowed to operate a firing range.
>
> The Commission did not feel that the proposed range policies went far enough to ensure the safety and respect for neighboring properties.

Plaintiff then filed a variance request with defendant Hamblen County Board of Zoning Appeals ("BZA"). In support, plaintiff submitted a letter, maps, and an amended proposed "J.C. Greene Range Policies." The amended policies additionally offered to ban, in material part, the use of "non-standard targets (such as junked cars)" and shooting while under the influence of drugs.[2]

---

[2] The A-1 zoning ordinance, the cease and desist order, plaintiff's January 15 letter, the proposed "Greene Family Range Policies," the HCPC's February 3 letter, and the variance request (with supporting documents) are attached as exhibits to the complaint and are referred to therein. The court can thus consider the contents of those documents in ruling on the pending 12(b)(6) motion. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

5

Plaintiff's variance request was heard by the BZA at its March 2, 2009 meeting. The request was denied. According to the complaint, "[a] number of neighbors" submitted statements to the BZA in support of plaintiff. Also, according to the complaint, "certain persons in the audience expressed unspecified and unsupported concerns as to safety . . . ." The complaint alleges that no minutes have been generated from the meeting.

Attached to defendants' 12(b)(6) motion are unsigned and unverified minutes. By order dated July 30, 2009, the court granted in part plaintiff's "Motion to Issue Writs of Ceriorari and Supersedeas." The court ordered, "Pursuant to § 27-9-109 of the Tennessee Code, defendants 'immediately . . . shall cause to be made, certified and forwarded to such court a complete transcript of the proceedings in the cause, containing also all the proof submitted before the board or commission."[3]

Defendants responded to the order by submitting a "Motion to Manually File Exhibit." Defendants sought leave to file an audiocassette recording of the March 2 meeting in lieu of a transcript. The motion, which was granted, had attached to it the affidavit of court reporter Ericka Stark, who stated that the cassette cannot be transcribed due to its poor quality.

Defendants filed the audiotape along with the affidavit of Daniel Young, the Director of Planning for the HCPC. Mr. Young certified that "the attached cassette tape,

---

[3] Title 27, Chapter 9, of the Tennessee Code pertains to state court "review of boards and commissions."

minutes and documents are the full record of the Hamblen County Board of Zoning Appeals for March 2, 2009, including all documents submitted for Mr. Greene's case."

The court has considered the minutes evidence submitted by the defendants, as that evidence is central to plaintiff's claims and is referred to in his complaint. *See Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). The court has listened to the audiotape in its entirety and finds it, when clearly audible, to be consistent with the submitted written minutes. The evidence shows that the BZA was presented with at least one or two witness statements corroborating plaintiff's claim of operating a safe target facility. In contrast, however, the evidence also shows that the BZA was presented with far more than what the complaint characterizes as "unspecified and unsupported concerns" from the community. Speakers, including plaintiff's own brother, reported: worsening noise over the last two years; constant shooting beginning as early as 5:00 a.m.; homes occasionally rattled by explosives; ill and elderly neighbors aggravated by the noise and explosions coming from plaintiff's land, at times so bad that they were forced to temporarily leave their homes; and shrapnel escaping plaintiff's property killing livestock and damaging residences. The BZA then voted on, and denied, plaintiff's request for a variance.

Plaintiff then initiated the instant lawsuit. In addition to pursuing statutorily-authorized state court review, he also as noted above seeks money damages under 42 U.S.C. § 1983 "for violation of his civil rights." Section VIII of the complaint, captioned "Violations of Plaintiff's Civil Rights," reads in it entirety,

7

Plaintiff brings this action under 42 U.S.C. § 1983, as well as [sic] under the Second, Fifth and Fourteenth amendments [sic] to the United States Constitution . . . .

The Due Process Clause of the United States Constitution provides that "[N]o [sic] State shall . . . deprive any person of life, liberty [sic] or property without due process of law. [sic]"

Owners of real property in Hamblen County have the right to enjoy shooting sports, hunting and firearm related activities on their property in Zoning District A-1 without the necessity of special approval from the Planning Commission or the BZA.

Mr. Greene's right to use the Greene Property for target shooting and as a sports shooting range is subject to due process protection, and the actions of the Planning Commission and the BZA violated such rights, and such actions were arbitrary, capricious and tainted by improper motives as alleged herein.

III.

*Analysis*

A. Second Amendment

In referring to the Second Amendment, the complaint fails to state a claim upon which relief can be granted against the exclusively-municipal defendants that plaintiff has sued. The United States Supreme Court, in *District of Columbia v. Heller*, recently noted its prior holdings that "the Second Amendment applies only to the Federal Government." 128 S. Ct. 2783, 2813 n.23 (2008) (citations omitted). "The [S]econd [A]mendment . . . has no other effect than to restrict the powers of the National government . . . ." *Presser v. Ill.*, 116

8

U.S. 252, 265 (1886). Plaintiff's § 1983 claim, as it pertains to the Second Amendment, must be dismissed.

### B. Fifth Amendment

While the above-quoted language of the complaint *mentions* the Fifth Amendment, the complaint does not offer any statement - not even a "short and plain statement" - showing entitlement to relief. "Naked assertions" without "further factual enhancement" are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Plaintiff's Fifth Amendment claim is therefore waived and must be dismissed. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citation omitted).

### C. Fourteenth Amendment

The complaint cites the Fourteenth Amendment's Due Process Clause, which has both a procedural and a substantive component. "In short, substantive due process prohibits the government's abuse of power or its use for the purpose of oppression, and procedural due process prohibits arbitrary and unfair deprivations of protected life, liberty, or property interests without procedural safeguards." *Howard v. Grinage*, 82 F.3d 1343, 1350 (6th Cir. 1996).

### 1. Procedural Due Process

It is unclear whether plaintiff intended to raise a *procedural* due process claim in his complaint. Regardless, no such claim has been stated. A § 1983 procedural due process claimant must plead the inadequacy of available administrative or state court remedies. *See Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004). The present complaint makes no allegation that the procedures created by §§ 27-9-101 through 114 of the Tennessee Code are infirm, and plaintiff is in fact vigorously pursuing those remedies in this case. Plaintiff's procedural due process claim, if any, must therefore be dismissed.

### 2. Substantive Due Process

The complaint asserts "arbitrary and capricious" substantive due process allegations. *See generally Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1216-17 (6th Cir. 1992) (listing the categories of substantive due process claims). The Supreme Court and the Sixth Circuit have recognized substantive due process rights in the zoning context, *see id.* at 1220, and such claims may attack a regulation on its face (legislative) or as applied to a particular plaintiff (administrative). *See id.* at 1216, 1221.

#### a. Administrative

Federal courts have an "extremely narrow" scope of review over state administrative zoning actions. *Id.* at 1221.

> . . . [I]t must be emphasized that the state court scope of review of a decision of a state administrative agency is far broader than the federal scope of review under substantive due process.
>
> . . . In the federal court . . . [t]he administrative action will withstand substantive due process attack unless it is not supportable on any rational basis or is willful and unreasoning action, without consideration and in disregard of the facts or circumstances of the case.
>
> The federal court may make only the most limited review of the *evidence* before the state administrative agency. This review is limited to determining whether the agency has paid attention to the evidence adduced and acted rationally upon it. The state decision may not be set aside as arbitrary and capricious if there is some factual basis for the administrative action. . . .
>
> . . .
>
> . . . [I]t is extremely rare for a federal court properly to vitiate the action of a state administrative agency as a violation of substantive due process. . . . Review of state administrative action is primarily a matter for the state courts, which quite properly have a much broader scope of review under state law.

*Id.* at 1221-23 (emphasis in original) (citations, quotations, and footnotes omitted).

As noted, the court has reviewed the minutes and the recording of the March 2 BZA meeting. The BZA was presented with evidence far beyond what plaintiff terms "unspecified" complaints regarding "the sound of occasional gunfire" emanating from a facility closely akin to "a swimming pool or a tennis court." The community reported: constant shooting beginning as early as 5:00 a.m.; homes occasionally rattled by explosives; ill and elderly neighbors aggravated by the noise and explosions coming from plaintiff's land,

11

at times so bad that they were forced to temporarily leave their homes; shrapnel escaping the property killing livestock and damaging residences; and worsening noise over the last two years. Plaintiff's counsel even acknowledged "issues relating to certain activities" on plaintiff's property (so noteworthy in the community that they had been reported in the local newspaper) and "rude and unacceptable behavior by a number of people."[4]

Having reviewed the BZA's March 2 actions, it is apparent that the evidence before it was considered and a decision was then reached. The BZA "paid attention to the evidence adduced and acted rationally upon it. . . . [There was] some factual basis for the administrative action." *Id.* at 1222-23. The court does not find the requisite "extreme irrationality," *id.* at 1222, necessary for an administrative substantive due process attack. Defendants' motion must therefore be granted as to this claim.

### b. Legislative

Where a substantive due process claimant instead challenges zoning legislation on its face, the federal scope of review becomes "even more deferential." *Id.* at 1223. The following language from the complaint shows that plaintiff is alleging the infringement only of a *property* right.

---

[4] Plaintiff's proposed "Greene Family Range Policies" and "J.C. Greene Range Policies" further evidence that his land was being used for much more than "target practice" for "responsible area residents." It is inconceivable to the court that plaintiff would have proposed limitations on intoxication, drug use, pyrotechnics, cannon fire, illegal weapons, and explosives unless those problems actually existed on his "sports shooting range." The court is further compelled to note plaintiff's efforts to liken his property to a bicycle trail or *an equestrian facility* - a particularly ironic comparison in light of the report of livestock killed by munitions fired or detonated on his land.

12

> Owners of real property in Hamblen County have the right to enjoy shooting sports, hunting and firearm related activities on their property in Zoning District A-1 without the necessity of special approval from the Planning Commission or the BZA.
>
> Mr. Greene's right to use the Greene Property for target shooting and as a sports shooting range is subject to due process protection . . . .

A zoning ordinance affecting only property interests is required under federal review merely to be "rationally related to legitimate state land use concerns." *Id.* at 1223.

> Whatever the state standard for review of its zoning legislation by its own courts may be, federal court review of a zoning ordinance may only determine whether it is clearly arbitrary and unreasonable, in the very restricted sense that it has no substantial relation to the public health, safety, morals or general welfare.

*Id.* (citation and quotation).

The Official Hamblen County Zoning Resolution, at Article 2, provides that "[t]he purpose of this zoning code is to protect the health and safety of the county's residents and their properties by providing a tool to insure safe and orderly growth." The terms set for the A-1 zone are consistent with that legitimate governmental purpose. Defendants' motion will be granted as to this claim.[5]

---

[5] The court notes that in other sections of the complaint plaintiff references the concepts of vagueness and overbreadth. Those questions are not discussed in the § 1983 portion of the complaint and are not a part of plaintiff's federal constitutional challenge, the due process elements of which the court has resolved consistent with the principles set forth in *Pearson*. Plaintiff is of course free to pursue his state law vagueness and overbreadth theories in state court on remand.

13

## IV.

### *Conclusion*

For the reasons provided above, the motion to dismiss will be granted as to plaintiff's § 1983 claim. Because the only claim over which the court has removal jurisdiction will be dismissed, the court declines to exercise supplemental jurisdiction over the remaining state law issues, and this matter will be remanded to the Chancery Court for Hamblen County, Tennessee. *See* 28 U.S.C. §§ 1367(c)(3), 1447(c).

An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan<br>United States District Judge